VIRGINIA VALENTINA MARTÍNEZ MATÓ (a) CAROLINA MARTÍNEZ MATÓ, Appellant, v. REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 1025. Decided December 20, 1938.

*Oscar Souffront* for appellant. The registrar appeared by brief.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Appellant prays that we reconsider our decision of July 26, 1938 (53 P.R.R. ——), in which we hold that an agreement to include the homestead exemption that the debtor or his successors in interest may have on the mortgaged property within the terms of the mortgage, is void, being in violation of the Homestead Law now in force (Act No. 87 of May 13, 1936, p. 460).

The motion is based mainly on a dictum which appears in the case of *Franceschi* v. *Claudio Elena*, 51 P.R.R. ——, ——, where, trying to explain the decision in the case of *Rodríguez* v. *Registrar*, 51 P.R.R. ——, the following is said:

"We must state, in order to avoid a more extensive construction of said dictum than the one we had in mind, that what we meant to say was that the person entitled to homestead may sell it, barter it, or encumber it, provided he expressly states it in the corresponding deed or document; and that the right of homestead is also conveyed to the purchaser of realty where the vendor, by the terms of the contract, sells, assigns, and conveys all his right title and interest in the realty, and delivers the material possession thereof to the vendee, without making an express reservation of his right of homestead."

Appellant also alleges that based on the holding of *Franceschi* v. *Claudio Elena* on May 7, 1937, a great many mortgage contracts have been entered into involving properties whose value is barely in excess of $500.00, and in which the debtors may have a homestead exemption which they expressly mortgaged, and that these mortgages were accepted by the creditors in view of the aforesaid decision.

In the first place, let us repeat again that the case of *Franceschi* v. *Claudio Elena, supra,* construes the Homestead Act approved on March 12, 1903 (Comp., sections 1000 *et seq.*), which Act was repealed by that which is now in force, and which was in force when the mortgage contract involved in the administrative appeal now before us was entered into. The law applied in the case of *Franceschi* v. *Claudio Elena* allowed the waiver of the homestead exemption on the condition that the waiver be expressly made a part of the deed of conveyance, while the law which is now in effect on the contrary declares that "this *right of homestead is unrenounceable and any pact to the contrary is declared null.*" (Section 1, Act No. 87 of 1936, p. 460.)

In the second place, the question involved in the case of *Rodríguez* v. *Registrar, supra,* was the validity of a clause in a deed of sale in which the vendor, with the express consent of his wife, sold a certain property belonging to the conyugal partnership, with all its uses, etc., "including the right of homestead which the vendors have or may have . . . so that the purchaser may enjoy the same as sole and legitimate owner." This court, upholding the validity of said clause, said:

"The question to decide in this administrative appeal is whether a sale of real property wherein it is expressed that the right of Homestead is included in the purchase price constitutes a pact contrary to the provision of law above quoted. In our opinion it does not.

"The fact that the right of homestead is unrenounceable does not mean that after created and actually existing it may not, when it

is to the benefit of the person owning the right, be sold, exchanged or be subject to other possible incidents of ownership.

"Where a person has the total ownership of a piece of property and sells it, intending therewith to alienate or dispose of his entire title and interest the right of homestead becomes necessarily merged in the greater right of ownership. *In praesentia majoris cessat potentia minoris.*"

That was the *ratio decidendi* of the *Rodríguez* v. *Registrar* case, and the *obiter dictum* which appears in the *Franceschi* v. *Claudio Elena* case, *supra,* does not establish a precedent, and should be weighed with due care by the courts as well as the legal profession and the public in general.

Appellant does not assail the *ratio decidendi* of the *Rodríguez* v. *Registrar* case. On the contrary, she uses the same to argue that if the owner of an immovable on which he has a homestead exemption can sell it voluntarily and the conveyance and delivery of the same conveys the homestead exemption unless such exemption is expressly reserved by the owner, it reasonably follows that the same owner can mortgage it subjecting expressly the homestead exemption to the lien, as in this case, because the greater includes the lesser.

At first sight this argument appears to be decisive, but it falls of its own weight once it is analyzed in the light of the salutary aim of the Act, which is to insure a homestead to the debtor and his family.

It is correctly said that the Mortgage Law is a law for holders in due course and just as correctly can it be said that the Homestead Act is an act for protection against creditors. This tendency to protect the family from its creditors is not entirely modern. There are provisions to be found in the Law of Moses, devised to attain this end. Howe, in his book "Studies in the Civil Law", 2d ed., p. 27, has the following to say in this respect:

"The contract of pledge also makes its appearance at a very early day and appears to have long antedated the contract of what

we would call a mortgage. We find in the Mosaic law a recognition of the fact that pledges were made as security for debt, and there was a prohibition against taking in pledge the domestic millstone which was used for grinding the food of the family; just as today, we have in modern States an exemption of tools of trade from seizure for debt, or as in England, in early days, there was the exemption of 'wainage.' ''

See section 249 of the Code of Civil Procedure for the exemptions made by law in Puerto Rico.

That is the reason why the law does not regulate, indeed does not even mention, those sales which may be voluntarily made by owners limiting itself exclusively to setting forth rules to protect the homestead exemptions from sales instigated by foreclosure or judgment creditors, in regard to which it prescribes:

"Section. 5. No sale shall be made, under a judgment or execution, of any such urban or rural property when the same is claimed or occupied as a homestead, whether registered or not in the registry of property, unless a sum greater than five hundred dollars is obtained therefor.

" *       *       *       *       *       *       *

"Section 6. In case no claim whatsoever is established before the officer in charge of the auction sale, the person entitled to the claim of homestead may institute the corresponding ordinary action within sixty (60) days after the date on which the auction was held.''

The following excerpts of *Brame* and *Wife* v. *Craig,* 12 Bush (75 Ky.) 404, cited with approval in Brannon v. Bohannon, 96 S.W. (2d) 1036, 1038, have some bearing to the case at bar:

"The homestead exemption is not an estate in the land, but only a privilege of occupying the same by a housekeeper with a family, as against his creditors; and although the homestead is not subject to coercive sale by a creditor, a sale and conveyance of the tract of land covered by the homestead privilege by the owner thereof is not prohibited by the statute.

"We are of opinion that the homestead exemption law was intended to secure the exempted homestead to the debtor from the

coercive grasp of his creditors, but it does not prevent him from selling the land covered by his homestead, and therefore a sale by him of the same for a valuable consideration vests in his vendee all the estate which he had in the land."

Nevertheless, the same cannot be said in regard to the right of the owner to encumber by mortgage or in any other manner his homestead exemption, for as we held in our previous opinion in this case (53 P.R.R. ——, ——):

"The mortgage contract carries with it necessarily the right to foreclosure and sale of the mortgaged property in order to give effect to the guarantee. This being so, as article 1 of the Law states that the homestead exemption cannot be waived and that any agreement to the contrary is void, and article 5 states that no sale shall be made by virtue of a judgment or foreclosure of any property, urban or rural, when the same is occupied as a homestead, or a homestead exemption is claimed . . . unless such sale be made for a sum in excess of $500, it is therefore evident that any mortgage which attempts to include a homestead exemption is in violation of law, insomuch as it refers to the exemption. And if it violates the law, the contract, insomuch as it refers to the homestead exemption, is void by the express terms of article 1207 of the Civil Code (1930 ed.) which reads thus:

" 'The contracting parties may make the agreement and establish the clauses and conditions which they may deem advisable, provided they are not in contravention of law, morals or public order.' "

What practical benefits does the creditor pursue, we ask now, by getting a mortgage on the homestead exemption, if later, when the debtor does not fulfill his contract and the creditor tries to make use of his mortgage right by foreclosure, he meets the unsurmountable barrier that section 5 of the Homestead Act puts in his path when it tells him that no sale shall be made by virtue of a judgment or foreclosure of any property, urban or rural, when the same is occupied as a homestead or when a homestead exemption is alleged, whether recorded or not in the Registry of Property, unless said sale be made for a sum in excess of $500, which sum the law reserves for the debtor?

Appellant might argue that according to the reasoning set forth in this opinion, a property whose value was less than $500 could not be mortgaged. In this he would apparently be correct, but the argument is unsustainable when we consider that the value of a property of whatever kind it may be is a factor which varies according to the circumstances which exist at the time when the attempt to sell the property is made. For example, a property which today is worth $500, in a week, or perhaps even in twenty-four hours, may quintuplicate its value. This might happen due to the fact that a factory has been erected in front of it or to the opening of a street which may enhance its value, or to any other similar circumstance. In like manner the property may lose considerable value and therefore it is impossible to determine beforehand conclusively what may be its value at any certain time. There is nothing to preclude a property-owner whose property has a value of $500 from executing a mortgage on it if the same does not expressly include the homestead exemption. If at the time of foreclosure the property is worth more than $500, the excess shall be applied to the payment of the mortgage. If at that time its value does not exceed $500, then the creditor can have nothing if a homestead exemption exists. In other words, the creditor who lends money guaranteed by a property the value of which at the time of the execution of the mortgage does not exceed $500, assumes the risk of not being able to collect on the guarantee when he forecloses.

It might also be argued that as it is the debtor's right to claim his homestead exemption or not, until he claims it, the contract is valid and therefore the creditor may collect on his mortgage, and consequently an owner should not be denied the right to mortgage his homestead.

This theory is legally untenable as in this manner a conditional obligation would be established, the fulfillment of which would depend exclusively on the will of the debtor, a legal situation which is not permitted by Section 1068 of the Civil

Code (1930 ed.) which states that: "If the fulfillment of the obligation should depend upon the exclusive will of the debtor, the conditional obligation shall be void." If a mortgage of this nature were recorded, a void obligation would have been recorded.

Before closing, we wish to state that in the dictum in the case of *Franceschi* v. *Claudio Elena,* which is set forth at the beginning of this opinion, inadvertently the words "encumber it" were added after the words "sell it" and "barter it". The case of *Rodríguez* v. *Registrar* in no way whatsoever refers to the right to mortgage or encumber the homestead exemption, but on the contrary to the right to sell a property affected by a homestead exemption.

For the foregoing reasons, the motion for reconsideration is denied.

Mr. Chief Justice Del Toro took no part in the decision of this case.